**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER HARRIS,<br><br>        Petitioner,<br><br>    v.<br><br>J. SOTO, Warden,<br><br>        Respondent. | **Case No. CV 15-00352 BRO (RAO)**<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

    On March 25, 2016, the United States Magistrate Judge issued a Report and Recommendation, recommending that petitioner's Petition for Writ of Habeas Corpus be denied and that this action be dismissed with prejudice. On April 13, 2016, Petitioner, who is represented by counsel, filed objections to the Report and Recommendation.

    The magistrate judge's Report and Recommendation sufficiently addresses the bulk of the arguments made by Petitioner in his objections. A few of those arguments, however, warrant further discussion.

    First, Petitioner argues that the magistrate judge did not address Petitioner's claim that his right to due process was violated by the admission into evidence of his co-defendant's pre-trial statement. (Objections at 2.) Instead, according to Petitioner, the magistrate characterized that due process claim as "an attack on the

application of [California's law governing the admissibility of out of court declarations against penal interest]." (*Id.* at 2-3). This characterization was erroneous, according to Petitioner, because "[t]here is not a single argument in [P]etitioner's Memorandum of Points and Authorities that discusses the misapplication of the Evidence Code." (*Id.* at 2.)

This objection is not well-taken. Petitioner challenged the admission of his co-defendant's pre-trial statements on primarily two grounds: (1) the admission of the statements violated the Confrontation Clause of the Sixth Amendment; and (2) the admission of the statements ran afoul of the Supreme Court's decision in *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). (Pet., Memo. Points & Auth. at 11-14). The entirety of Petitioner's due process argument in his Memorandum of Points and Authorities in support of his Petition consists of the following: "In addition, the admission of evidence, even if error under state law, violates due process if it makes the trial fundamentally unfair. (*Duncan v. Henry* (1995) 513 U.S. 364 [130 L. Ed. 2d 865, 115 S. Ct 887].)." (Pet., Memo. Points & Auth. at 14.) In the next sentence, Petitioner argued: "To the extent that the Court of Appeal found the statement was admissible as an exception to the hearsay rule because it was made against [the co-defendant's] interest, that finding is an unreasonable determination of the facts in light of the evidence presented." (*Id.*) Petitioner then explained why, in his view, his co-defendant's statement was not against her penal interest. (*Id.*)

Read in context, it is clear that Petitioner's due process argument was premised on the fact that, in his view, the state court misapplied state law in finding that his co-defendant's statement was admissible as a declaration against penal interest. The magistrate judge addressed and rejected that argument. (*See* Report and Rec. at 25-26.) In particular, the magistrate judge noted that Petitioner's claim that the trial court misapplied California's evidentiary rules in admitting his co-defendant's statement as a declaration against penal interest is not cognizable on

federal habeas review. (*Id.*) The magistrate judge, moreover, explained that Petitioner could not transform his state law claim into a cognizable federal claim by invoking his right to due process. (*Id.* at 26.)

As noted above, however, Petitioner contends that he was not alleging that the state court misapplied state law in finding that his co-defendant's statement was admissible as a declaration against penal interest. (Objections at 2.) Rather, he maintains that he argued that "the state court's finding that [his co-defendant's] statement was against penal interest was an unreasonable determination of the facts in light of the evidence presented at trial." (*Id.* at 4.) But this is a distinction without a difference. Under either argument, Petitioner would have this Court review the state court's application of its rules pertaining to the admission of a non-testifying witness's out of court declaration to determine if, indeed, the declaration was against the witness's penal interests.

Petitioner also faults the magistrate judge for failing to address his argument that the admission of his co-defendant's statement violated petitioner's right to due process because the statement was made by an accomplice and, thus, was unreliable. (*See* Objections at 2-3.) Petitioner, however, did not make this argument in his Memorandum of Points and Authorities. To be sure, he stated that "accomplice statements are 'presumptively suspect,' when they try to spread blame to others" and that courts take great care to "distinguish between the use of a codefendant's confession against the codefendant himself and the use of that same confession against a non-declarant defendant." (Memo. Points & Auth. at 13.) But Petitioner made these statements in arguing that the admission of his co-defendant's pre-trial statement violated his right to confront the witnesses against him. (*See id.* at 14 ("Whether testimonial or not, a codefendant's inculpatory statement is the very type of inherently suspect accusation which demands to be tested under the scrutiny of cross-examination. By allowing [the co-defendant's] statement to be

admitted against [P]etitioner, without any redactions or limiting instruction, the trial court violated appellant's Sixth Amendment confrontation rights.").)

Regardless, to the extent that Petitioner intended to assert a due process claim challenging the reliability of his co-defendant's pre-trial statement, that claim would fail because it is, at its core, a challenge to the trial court's finding that the statement was a declaration against penal interest. As the magistrate judge noted in her Report and Recommendation, the court of appeal explicitly found that the circumstances under which the co-defendant's pre-trial statement was made rendered that statement reliable. (*See* Report and Rec. at 25 (citing Lodg. No. 13 at 18)). And, as the magistrate judge explained, "Although the court of appeal acknowledged that the portion of [the co-defendant's] pre-trial statement that Petitioner sought to exclude implicated Petitioner as the shooter, the court of appeal nevertheless reasoned that the statement was admissible because [the co-defendant] was not attempting to 'mitigate her involvement in the offense.'" (*Id.* at 24 (citing Lodg. No. 13 at 16).) In other words, the court of appeal found that Petitioner's co-defendant was not trying to shift blame from her to Petitioner. The court of appeal's findings were reasonable in light of the evidence, as that evidence made clear that Petitioner's co-defendant implicated herself in the crime by admitting that she worked with Petitioner to lure the victim to the place where he was killed. (*See id.* at 24.) Accordingly, there is no merit to Petitioner's due process claim.

Second, Petitioner contends that the magistrate judge erred in addressing Petitioner's challenge to the pre-trial statement that prosecution witness Mericca Garner made to police. (Objections at 6.) Although Petitioner concedes that the magistrate judge addressed Petitioner's argument that Garner's statement was coerced, he nevertheless maintains that the magistrate judge was also required to determine if that statement was sufficiently reliable to be admitted at trial. (*See id.*) This argument is meritless. As the magistrate judge explained in her Report and Recommendation, "using a witness's coerced confession at the trial of another can

4

violate due process because 'illegally obtained confessions may be less reliable than voluntary ones. . . .'" (Report and Rec. at 16 (citation omitted).) Here, however, Garner's pre-trial statement was not coerced; thus, there was no need to question its reliability. (*Id.* at 18-22.) In any event, as the magistrate judge noted, Garner testified at trial and was subjected to cross-examination. (*Id.* at 22-23.) During that examination, she testified that she had lied to the police because she feared being arrested and because she feared that she would lose custody of her baby. (*Id.* at 22.) As such, "the jury had all the information it needed to determine if Garner had been truthful with police or whether she had merely implicated Petitioner out of fear of the consequences attendant to not doing so."[1] (*Id.*)

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's objections thereto. The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

DATED: May 3, 2016

BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner presumably believes that this reasoning is somehow inconsistent with the Court's prior reasoning regarding the admission of his co-defendant's statement because, unlike Garner, his co-defendant was not subjected to cross-examination; thus, the jury had no way to determine the reliability of the co-defendant's statement. Any such argument ignores the dramatically different circumstances under which the two statements were made. Garner's statement was made during a police interrogation, whereas the co-defendant's statement was made to her brother-in-law at a party for Petitioner's family. (*See* Report and Rec. at 24.) As the court of appeal recognized, the circumstances underlying the co-defendant's statement render that statement reliable. (*See supra*.)

5